HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
JASON TOLBERT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>JASON TOLBERT,<br><br>            Defendant. | No. 2:21-cr-104 TLN-14<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable TROY L. NUNLEY |
|---|---|

Defendant, JASON TOLBERT, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.  Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.  The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Tolbert received 5 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to the former USSG § 4A1.1(d), for a total criminal history score of 7, which placed Mr. Tolbert in criminal history category IV. Mr. Tolbert's total offense level was 21, resulting in a guideline range of 57 to 71 months;

4. On September 29, 2022, this Court sentenced Mr. Tolbert to a term of 57 months;

5. The sentencing range applicable to Mr. Tolbert was subsequently lowered by the status-point provision;

6. Mr. Tolbert is eligible for a reduction in sentence, which reduces his criminal history score to 5, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 46 to 57 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Tolbert's term of imprisonment to 46 months, effective 10 days from the date of the amended judgment.[1] If the amount of time served as of the effective date of the Court's Order exceeds 46 months, the parties request that the sentence instead be reduced to time served as of 10 days from the date of the amended judgment.

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant was convicted of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 282; defendant's sentencing memorandum, ECF No. 286; Statement of Reasons ("SOR"); Judgment, ECF No. 291; defendant's Bureau of Prisons ("BOP") disciplinary history; and after conferring with the prosecuting Assistant United States Attorney.

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is provided by the United States and is not part of the parties' stipulation.

Both the United States and the probation officer recommended the defendant be sentenced to a term of imprisonment at the low end of the applicable guideline range, a term of 57 months.  *See* PSR ¶ 107; ECF No. 282-5.  In his sentencing memo, the defendant—who was obligated under the plea agreement to recommend a within guidelines sentence—did not recommend a specific sentence, but rather, asked the Court to "sentence him appropriately." ECF No. 286 at 2–3.  At sentencing, the Court adopted the PSR without change and imposed a sentence of 57 months' imprisonment.  SOR at 1; ECF No. 291 at 2.

BOP records indicate that as of February 12, 2024, the defendant does not have any reported sustained incidents during his time in BOP custody.  The defendant is currently located at USP Lompoc with a projected release date of February 19, 2025.  *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2024).

Respectfully submitted,

| | |
|---|---|
| Dated:  February 16, 2024 | Dated:   February 16, 2024 |
| PHILLIP A. TALBERT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ *Shelley D. Weger*<br>SHELLEY D. WEGER<br>Assistant U.S. Attorney | /s/  *David M. Porter*<br>DAVID M. PORTER<br>Assistant Federal Defender |
| Attorney for Plaintiff<br>UNITED STATES OF AMERICA | Attorney for Defendant<br>JASON TOLBERT |

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Tolbert is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history score to 5 and his criminal history category from IV to III, resulting in an amended guideline range of 46 to 57 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in September 2022 is reduced to a term of 46 months, effective 10 days after the date of the issuance of the amended judgment. If, however, the amount of time served as the effective date exceeds 46 months, the sentence is instead reduced to time served effective 10 days after the issuance of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Tolbert shall report to the United States Probation Office within seventy-two hours after his release.

Dated:   February 20, 2024

Troy L. Nunley
United States District Judge